Harold Baer, J.
These two motions made pursuant to CPLR 3211 and 3212 are consolidated for disposition.
This is a class action in which the plaintiffs, residents of a west side building seek:
*1075 (A) A permanent injunction to enjoin the disconnection of electricity on the premises ordered by the Bureau of Gas and Electricity of the Department of Public Works of the City of New York. And with respect to the first cause of action actual and punitive damages against the owners of the subject premises;
(B) A judgment declaring section B30-20.0 of the Administrative Code of the City of New York unconstitutional;
(C) Directing the fee owners to correct and repair the subject premises or in the alternative directing fines pursuant to section D26-51.01 of the Housing Maintenance Code;
(D) Directing the defendant Housing and Development Administration to correct violations by use of the emergency repair program; and
(E) Damages to the plaintiffs.
The premises are located on the entire block front on the west side of Broadway between 75th and 76th Street. It contains some 800 units of which some 24 are presently occupied. The premises are 70 years old and basically contain the original heating, plumbing and electrical systems.
Under lease since 1958 the fee owners have recently regained possession of the premises.
In April of this year, after inspection, the Bureau of Water Supply Gas and Electricity issued an order to disconnect the electricity of the subject premises because of the numerous hazardous violations on the premises. Presently a stay is in effect, granted by the Appellate Division, which will expire in the early part of December, 1975, after which the electricity will be disconnected and the remaining tenants will be required to vacate the premises.
It would serve no purpose at this time to detail the various conferences held or agencies involved with respect to the problems at West Side Towers. At this juncture it should be noted that the Mayor’s office, the Department of Rent and Housing Maintenance, the Departments of Relocation, Social Services, Police and Fire Departments all have been involved in some manner to alleviate the relocation problems relative to the subject premises.
We come then to the first cause of action of the complaint. It is uncontested that there are literally hundreds of electrical violations on the premises which constitute immediate hazards to the life, health and safety of the tenants and to third *1076 parties. Plaintiff’s own affidavit admits this and inasmuch as the Department of Water Supply Gas and Electricity’s order cannot be considered as either arbitrary or capricious, a permanent injunction with respect to that order cannot lie. Accordingly the motion to dismiss the plaintiffs’ first cause of action is granted.
With respect to the second cause of action, challenging the constitutionality of section B30-20.0 of the Administrative Code as vague, and depriving the plaintiffs of the rights of relocation benefits, this position is equally untenable. Section B30-20.0 of the Administrative Code requires the existence of a specific condition, i.e., "unsafe or dangerous to persons or property”. These standards cannot be classified as vague and in the instant case where it is conceded that a hazardous condition exists, the very question of vagueness becomes moot. Plaintiff’s second contention that the application of this statute deprives the plaintiffs of their rights to relocation benefits is equally untenable. Upon the discontinuance of electrical services it is incumbent upon the Commissioner of the Department of Buildings to issue a vacate order pursuant to section D26-56.01 of the Administrative Code and in turn the Commissioner of Relocation is then authorized to provide relocation benefits pursuant to subdivision (V) of section 1160-1.0 of the Administrative Code. Therefore upon the disconnection of the electricity the tenants will be entitled to the same benefits as the plaintiffs claim they are being deprived of in the second cause of action. In point of fact, the Department of Rent and Housing Maintenance and the Department of Relocation are awaiting the actual discontinuance of electrical services in order to enter the premises and assume their tasks. For these reasons the second cause of action is similarly dismissed.
The third cause of action relates to the owners of the property and seeks to compel the abatement of outstanding violations and to direct civil penalties and fines called for by section D26-51.01 of the Housing Maintenance Code.
The first branch of the relief requested by the plaintiffs in this cause of action cannot be granted by this court. The landlord in the instant case has submitted, and there are no contradictory statements, that the cost of removing the violations on the subject premises would run in excess of $1,250,-000. The court may not compel such an expenditure against the wishes of the owner (People v Broadway-Sheridan Arms, *1077 275 App Div 352, affd 300 NY 559). The court noted in that case that to require a landlord to make extensive and improvident alterations would border on confiscation. So too in the instant case it would be confiscatory to compel the expenditure of such an amount in a building which to all intents and purposes might be characterized as a "white elephant”. That branch of relief requested in the third cause of action relating to civil penalties cannot be litigated in this court as this court is not the proper forum for such relief (Administrative Code, § D26-51.03).
The fourth cause of action to compel the defendant Housing and Development Administration to perform emergency repairs on the premises similarly must fail. The decision as to whether or not such action should be taken lies within the discretion of the commissioner; it cannot be mandated by the court (Matter of Perazzo v Lindsay, 30 AD2d 179, affd 23 NY2d 764). Accordingly, the fourth cause of action is dismissed.
The fifth cause of action is for actual and punitive damages to the plaintiffs and inasmuch as these involve questions of fact they cannot be decided upon motions. This cause of action should be severed and be permitted to assume its rightful place on the tort calendar as any other tort action.
From the voluminous affidavits and papers submitted this court is of the opinion that there was no conspiracy to oust the tenants or harass them. The history of single-room occupancy tenants is legend in the annals of the Departments of Relocation and Social Services. There is no doubt a good deal of suffering for people caused to be relocated under these circumstances. However, it should be noted that the cost of these expenses will be borne by the landlord (see Administrative Code, § 1160-5.0) and no doubt by the city by virtue of its Social Services involvement. In effect no one will gain by virtue of the situation and everyone will bear some loss. The only consolation is that these plaintiffs will be spared the occupancy of hazardous housing accommodations and hopefully will be resettled in better quarters.
Settle order dismissing the first through fourth causes of action; severing the fifth cause of action and remanding it to the tort trial calendar.